**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 27, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ANDREA GOOD,

           Plaintiff-Appellant,

    v.

FUJI FIRE & MARINE INS. CO.,
LTD.; NORIO SUGAWARA;
TAKAYA HANATA; THE
JAPANESE MINISTRY OF
JUSTICE; THE JAPANESE
MINISTRY OF FINANCE; THE
JAPANESE MINISTRY OF
TRANSPORTATION; THE
JAPANESE ASSOCIATION FOR
ASSESSING INSURED
AUTOMOBILE INJURIES
(SONGAIHOKEN RYOURITSU
SANCHUTSU KIKOU SAPPORO
BRANCH),

           Defendants - Appellees.

No. 07-2068
No. 07-2175
District of New Mexico
(D.C. No. CIV-06-962-BB/ACT)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **McKAY**, and **McCONNELL**, Circuit Judges.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Andrea Good, a plaintiff proceeding *pro se*, appeals two district court orders dismissing her complaint for lack of jurisdiction over the defendants and denying her motions to transfer and reopen the complaint. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we conclude that the court lacked jurisdiction and did not abuse its discretion when it declined to transfer the case. We therefore affirm the district court's orders.

## I. BACKGROUND

Ms. Good is a United States citizen who resides in both New Mexico and Japan. She asserts that she was injured in an automobile accident near Sapporo, Japan on January 10, 2004. Ms. Good alleges that she was subsequently defrauded and threatened by various parties in Japan. On October 6, 2006, Ms. Good filed suit in the District of New Mexico against seven Japanese defendants asserting claims arising out of the automobile accident. Defendants included two Japanese corporations, two Japanese individuals, and three ministries of the Japanese government.

Before any of the defendants was properly served, the two corporations, Fuji Fire and Marine Insurance Company ("Japanese Fuji") and Songaihoken Ryouritsu Sanshutsu Kikou Sapporo Branch (the "Branch"), made a special appearance before the district court and moved to dismiss for lack of personal jurisdiction. On February 22, 2007, the district court granted the motion to

dismiss. Because none of the other five defendants had yet been served, the order became final with respect to the two corporations. *See Raiser v. Utah County*, 409 F.3d 1243, 1245 n.2 (10th Cir. 2005). Ms. Good timely appealed this order in No. 07-2068.

Subsequently, Ms. Good properly served all defendants pursuant to the Hague Convention. On April 30, 2007, she filed motions to reopen the district court proceedings, to set aside the dismissal as to the two corporations, and to transfer venue to the District of Columbia.[1] Ms. Good later moved to transfer venue instead to Illinois or California. The five remaining defendants entered a special appearance to contest personal jurisdiction. The two individual defendants moved for dismissal for lack of personal jurisdiction, and the three Japanese ministries moved for dismissal based on the Foreign Sovereign Immunities Act (FSIA). 28 U.S.C. §§ 1602–1611.

The district court denied all of Ms. Good's motions and granted the defendants' motions for dismissal. Ms. Good appeals this order in No. 07-2175. Because the original appeal is still pending, we consolidated the appeals and are able to resolve them at once. *See Stone v. I.N.S.*, 514 U.S. 386, 401 (1995).

---

[1]Because these Rule 60(b) motions were filed more than ten days after the previous final order, they did not divest this Court of jurisdiction over Ms. Good's pending appeal No. 07-2068. *See Stone v. I.N.S.*, 514 U.S. 386, 403 (1995).

## II. DISCUSSION

Because Ms. Good appears *pro se*, we construe her submissions liberally. *Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991).  In that light, Ms. Good presents two claims on appeal:  (1) the district court erred when it held that it lacked jurisdiction over the defendants, and (2) the district court abused its discretion in dismissing the case rather than transferring it pursuant to 28 U.S.C. § 1631. Neither argument has merit.

### A.  The District Court Lacked Subject Matter Jurisdiction Over the Japanese Ministries.

Subject matter jurisdiction over the Japanese Ministries of Justice, Finance, and Transportation is barred by FSIA.  28 U.S.C. §§ 1330, 1602–1611.  A foreign state is immune from jurisdiction of United States courts unless immunity is waived by a specific statutory exception. *Id.* § 1604.  To litigate against a foreign state in the courts of the United States, a plaintiff carries "'the burden of showing that an exception applies.'" *Southway v. Cent. Bank of Nig.*, 328 F.3d 1267, 1271 (10th Cir. 2003) (quoting *Gen. Elec. Capital Corp. v. Grossman*, 991 F.2d 1276, 1382 (8th Cir. 1993).

It is undisputed that the Ministries are foreign states within the meaning of FSIA.  Ms. Good, however, argues that the Ministries waived immunity under § 1605(a)(1) because Japan elected to serve process on its own Ministries.  The

Japanese government, however, was required by the Hague Convention to serve the complaint.[2] Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters art. 5, Nov. 15, 1965, 20 U.S.T. 361; *see* 28 U.S.C. § 1608(a)(2). Japan did not waive immunity for its Ministries by acting in accordance with international law.

Ms. Good also contends that immunity was waived under 28 U.S.C. § 1605(a)(2), which denies immunity where a claim "is based upon an act outside the territory of the United States in connection with a commercial activity of the foreign state . . . [that] cause[d] a direct effect in the United States." Ms. Good alleges that the Ministries' "failure to prevent the actions" of private parties has caused "serious loss to all investors in America who hold stock in Japanese Insurance Companies." R., Doc. 52, at 5. This "failure to prevent" allegation refers to Japan's sovereign regulatory activity rather than commercial activity; therefore, § 1605(a)(2) is not applicable.

**B. The District Court Lacked Personal Jurisdiction over the Remaining Defendants.**

We review the district court's determination as to personal jurisdiction *de novo*. *Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008). The plaintiff bears the burden of pleading facts that support the exercise of personal jurisdiction. *Id.* at 1069. Only the well-pled facts of the

---

[2]The Japanese central authority charged with serving foreign process is the ministry of Foreign Affairs.

complaint, affidavits, or other writings, as distinguished from conclusory allegations, can establish jurisdiction. *Id.* at 1070. Two requirements are necessary for a federal district court to assert personal jurisdiction over a defendant. First, the defendant must be "one 'who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located.'" *United States v. Botefuhr*, 309 F.3d 1263, 1271 (10th Cir. 2002) (quoting Fed. R. Civ. P. 4(k)(1)(A)). Second, "the exercise of personal jurisdiction must not offend the due process clause of the Fourteenth Amendment." *Id.* (internal quotations omitted). Because New Mexico's long-arm statute has been interpreted to extend "as far as constitutionally permissible," our personal jurisdiction inquiry largely collapses into an analysis of Due Process. *Tercero v. Roman Catholic Diocese*, 48 P.3d 50, 54 (N.M. 2002).

Under the Due Process clause, a defendant must have sufficient "minimum contacts" with the forum state that subjecting him to its jurisdiction will not "offend traditional conceptions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted). Indeed, "the defendant's conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). The "minimum contacts" standard may be satisfied in two ways. First, a court may exercise general jurisdiction when the defendant's contacts with the forum state are

"continuous and systematic." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984). Second, a court may exercise specific jurisdiction if a defendant "has purposefully directed his activities at residents of the forum . . . and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (internal quotation marks omitted).

In this case, the corporate and individual defendants lack the requisite minimum contacts with New Mexico to establish either general or specific jurisdiction. After reviewing the record and briefs, we conclude that all of these defendants reside in Japan, and all of the actions complained of occurred in Japan. There is nothing in the record to indicate that any of the defendants has ties to the State of New Mexico, with the exception of this lawsuit. Nonetheless, Ms. Good makes several contentions that the defendants are subject to personal jurisdiction in New Mexico.

First, she argues that Japanese Fuji is subject to personal jurisdiction because it has a subsidiary incorporated in Illinois, the American Fuji Fire and Marine Insurance Company ("American Fuji"). Ms. Good similarly argues that Japanese Fuji has contacts with New Mexico through American International Group ("AIG"), an insurance company that owns 20.04 percent of Japanese Fuji Stock. Both claims are unavailing. For purposes of personal jurisdiction, "a holding or parent company has a separate corporate existence and is treated

separately from the subsidiary in the absence of circumstances justifying disregard of the corporate entity." *Quarles v. Fuqua Indus., Inc.*, 504 F.2d 1358, 1362 (10th Cir. 1974); *accord Benton v. Camero Corp.*, 375 F.3d 1070, 1081 (10th Cir. 2004). American Fuji and AIG are separately-incorporated companies. They do not sell car insurance in Japan and were not involved in the car accident giving rise to Ms. Good's claim. Further, Ms. Good has not pleaded or shown any facts that would justify disregard of American Fuji's separate corporate existence.

Ms. Good also contends that Japanese Fuji is subject to personal jurisdiction because it maintains an Internet web site that is accessible in New Mexico. The extent to which jurisdiction can be established by an Internet presence, however, depends on the degree to which the web site is used to conduct or solicit business within the forum. *See Soma Med. Int'l v. Std. Chartered Bank*, 196 F.3d 1292, 1296 (10th Cir. 1999). The record is clear that Japanese Fuji does not conduct any business in New Mexico through its web site or through any other means.

Finally, Ms. Good claims that defendants made a general appearance and consented to jurisdiction when they appeared before the district court and addressed the merits of Ms. Good's claims. However, even if the defendants did address the merits of the case, "[n]o defense or objection is waived by being

joined with one or more other defenses or objections in a responsive pleading or in a motion." Fed R. Civ. P. 12(b).

### C. The District Court Did Not Abuse Its Discretion When It Denied Ms. Good's Motion to Transfer.

Ms. Good argues that even if the district court lacked personal jurisdiction, it should have transferred the case pursuant to 28 U.S.C. § 1631, rather than dismissing the case without prejudice. Under § 1631, a district court lacking jurisdiction to hear an action "shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." We review the district court's decision to deny Ms. Good's motion to transfer under a clear abuse of discretion standard. *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1543 (10th Cir. 1996).

Ms. Good argues that she was prejudiced by the district court's refusal to transfer her case to American Fuji's supposed domicile in Illinois or California. The district court's decision to dismiss, however, was not an abuse of discretion. "A court cannot transfer a suit to a court where personal jurisdiction does not exist over the defendants originally." *Morris v. Peterson*, 759 F.2d 809, 812 (10th Cir. 1985). As we have already discussed, American Fuji's presence in a forum state is insufficient to subject Japanese Fuji to personal jurisdiction absent "circumstances justifying disregard for the corporate entity." *Quarles*, 504 F.2d

at 1362. Transfer could not have served "the interest of justice" because Ms. Good has failed to show that personal jurisdiction over these Japanese defendants would exist in any United States forum.

## III.  CONCLUSION

The judgment of the United States District Court for the District of New Mexico is **AFFIRMED**.  Appellant's motions for leave to proceed *in forma pauperis* are **DENIED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge